UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE CO.,<br>    Plaintiff,<br><br>    v.<br><br>TRAVELERS CASUALTY AND SURETY CO., as successor-in-interest to AETNA CASUALTY AND SURETY CO.; STANDARD FIRE INSURANCE CO.; EVANSTON INSURANCE CO.; and ST. FRANCIS CARE, INC., d/b/a SAINT FRANCIS HOSPITAL AND MEDICAL CENTER,<br>    Defendants. | No. 3:11-cv-924 (SRU) |

## RULING ON POST-JUDGMENT MOTIONS

The facts underlying this case and its unusual procedural history are described in detail in my Ruling and Order of September 25, 2015 (doc. # 330), and in the briefs on the post-judgment motions, so I do not repeat all of their specifics here. In general terms, the salient facts are that Pacific Employers Insurance Co. ("PEIC") provided excess blanket catastrophe liability coverage to Saint Francis Hospital and Medical Center ("St. Francis" or the "Hospital"); that that excess policy supplemented General Liability ("GL") and Hospital Professional Liability ("HPL") policies provided by Travelers and Evanston; that the Hospital was sued by the victims of sexual abuse committed by a former doctor; and that PEIC filed this declaratory judgment action against the Hospital and the primary insurers seeking relief in the form of a declaration on four issues relating to the scope of its coverage in connection with that litigation.

The case came before the late U.S. District Judge Mark R. Kravitz, who issued two substantive rulings and ordered separate briefing on a question (the apportionment of defense

costs between GL and HPL policies) that was not raised by the complaint. The parties submitted the ordered briefs—though the plaintiff later pointed out that Judge Kravitz's question was "not an issue on which [the] complaint seeks a declaration" (PEIC Supplemental Mem. 3 [doc. # 307 at 7]) and one of the defendants described it as "raised *sua sponte* by the Court" (St. Francis Supplemental Mem. 8 [doc. # 268 at 8]) (though it was actually raised by another defendant in a motion for reconsideration).

When the case came before me, I heard oral argument on those briefs and allowed the parties to file supplemental briefs on issues they raised at oral argument. There was no pending motion for me to rule on, however, and it was not clear whether Judge Kravitz had ordered briefing because he intended to issue a supplement to his earlier rulings or for some other reason, so at my request the parties filed a joint motion requesting a ruling "as a means to move this case forward" (doc. # 317 at 3) but "without prejudice to [their] respective positions as to whether and, if so, how" I should answer Judge Kravitz's question (*id.* at 4). In my ruling on that motion (doc. # 330), I agreed with the plaintiff that the complaint did not require answering Judge Kravtiz's question. Instead, I interpreted Judge Kravitz's prior rulings (which clearly resolved one of the three issues posed by the complaint and implied resolutions to two others), made additional rulings on issues raised at oral argument and in the post-argument supplemental briefs, and concluded on the basis of all of those rulings that declaratory judgment could be granted on one of the complaint's requests and denied on the others. The complaint sought no other relief, so judgment entered and the case was closed.

Three motions were subsequently filed. First, Evanston filed a motion to amend the judgment under Rule 59(e) (doc. # 332), because the declaratory judgment that entered did not distinguish between Evanston and Travelers, though Judge Kravitz (in a ruling to which the

judgment sought to give effect) did in one important way. Second, PEIC filed a motion to amend the complaint under Rule 15 and for further relief under 28 U.S.C. § 2202 (doc. # 333) in order to seek an answer to Judge Kravitz's question and establish a broader apportionment of costs (notwithstanding its earlier position that the complaint did not seek such an answer and that the issue need not be reached). Finally, PEIC filed a cross-motion to alter or amend the judgment under Rule 59(e) (doc. # 335), which simply incorporated by reference its opposition to Evanston's motion, in order "to allow the parties to adjudicate how defense and indemnity payments should be apportioned."

I.      **Evanston's Motion**

Motions under Rule 59(e) to alter or amend a judgment may be granted to correct a clear error or prevent manifest injustice, *Munafo v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d Cir. 2004), and Evanston identifies a clear error—or, at least, an ambiguity that could too easily be construed erroneously. In my September 25 decision, I concluded that PEIC's first three requests for relief—denominated in the complaint as requests *a*, *b*, and *c*—should be denied and that the requested declarations would not enter. I also ordered that "[o]n request *d*, seeking declaratory judgment that the underlying litigation triggers a duty to defend under GL coverage, the requested relief is granted consistently with Judge Kravitz's ruling with respect to all *claims* (not all *suits*) that 'even possibly' implicate GL coverage alone" (doc. # 330 at 15–16). The judgment reflected that language, but it did not distinguish among the defendants and thus failed to make explicit that "consistently with Judge Kravitz's ruling" includes his ruling that "[u]nlike Travelers' policy, Evanston's policy does not include a duty to defend in addition to its duty to indemnify" (doc. # 226 at 5). In order to remedy that problem, Evanston's motion is granted, and the Clerk shall enter an amended judgment, modifying the original judgment as follows.

3

In the first paragraph of the original judgment, the words "that duty is triggered" shall be replaced by: "the duty to defend of Travelers Casualty and Surety Co., as successor-in-interest to Aetna Casualty and Surety Co. and Standard Fire Insurance Co. (jointly 'Travelers'), is triggered."

In the second paragraph of the original judgment, the words "judgment is entered in favor of Pacific Employers Insurance Co. with respect to Count III of the complaint" shall be replaced by: "judgment is entered in favor of Pacific Employers Insurance Co. and against Travelers with respect to Count III of the complaint; and judgment is entered against Pacific Employers Insurance Co. and in favor of Evanston Insurance Company on the same Count."

Also in the second paragraph of the original judgment, the words "triggers a duty to defend under the GL coverage part" shall be replaced by "triggers Travelers' duty to defend under the GL coverage part."

## II.  PEIC's Motions

PEIC has moved under Rule 15 to amend its complaint to add a count seeking to apportion payments among insurers; and for further relief under 18 U.S.C. § 2202 to effect the same result; and, also to the same end, to alter or amend the judgment under Rule 59(e). In substance and however variously formed, PEIC's motions effectively amount to a motion for reconsideration under Local Rule 7(c), and as PEIC itself points out, they can be "decided under the same standard" as such a motion (PEIC's Mot. Further Relief 13 [doc. # 333 at 17]). That standard is strict. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The three major grounds for granting a motion for

reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478). There is no suggestion of a change in controlling law or of newly available evidence. Unlike Evanston's motion, PEIC's motions do not point out any error; nor is there manifest injustice in entering judgment and closing a case when all relief requested in the complaint has either been granted or denied on the merits. PEIC raises no persuasive argument that any of the three declarations it sought but which were denied should have been granted; nor that the one requested declaration that was granted against one defendant should be granted against another.

It is true that leave to file an amended complaint under Rule 15 is freely granted, but the liberal spirit of that rule does not license a party to take up a new position that it had opposed until it lost on the arguments it chose to press instead; such conduct constitutes undue delay. When Judge Kravitz ordered the parties to submit briefs on the question of allocation of defense costs between GL and HPL policies, PEIC instead submitted a brief taking no position on that issue, to which it was apparently indifferent, and argued instead that it should be liable for no costs whatsoever regardless of the split (doc. # 273). PEIC reiterated that position to me at length in oral argument and indicated clearly in supplemental briefing that allocation was "not an issue on which [the] complaint seeks a declaration" (PEIC Supplemental Mem. 3 [doc. # 307 at 7]). Any arguments to re-open the judgment now in order to add claims for allocation were forfeited by PEIC's failure to press those claims until now despite its ability to do so earlier, and by its having already taken the contrary position when ordered to brief the allocation question that "regardless of how the Court allocates defense costs between HPL and GL, defense costs may

not be split between PEIC . . . and Travelers . . . ." (PEIC's Resp. Ct.'s Aug. 3 Order 1 [doc. # 273 at 4]).

Amendments are often allowed post-judgment in order to conform the pleadings to the proof, but here PEIC seeks entirely new relief that it not only had not sought earlier but that it expressly declined to seek when the issue was raised by the court and an opposing party. PEIC may be right that the judgment "does not make clear the parties' respective indemnification obligations" (PEIC Mot. Further Relief 11 [doc. # 333 at 15]), but PEIC did not file a complaint that asked the court to resolve the parties' respective indemnification obligations. Supplemental relief under 28 U.S.C. § 2202 is not necessary or proper to effectuate the judgment—which addresses all issues on which PEIC sought a declaration—and it is not appropriate merely to avoid starting a new case in order to obtain relief PEIC only decided to pursue after an adverse ruling on the relief it would have preferred. If these sophisticated insurers, with the aid of the rulings on coverage, are unable to resolve the commonplace issue of apportionment—an outcome that would be both surprising and disappointing—PEIC can file a new declaratory-judgment action raising any unresolved claims against the appropriate parties.

### III.     Conclusion

Evanston's motion to alter the judgment (doc. # 332) is granted as described above, and an amended judgment shall enter. PEIC's motion to amend the complaint and for further relief (doc. # 333) and cross-motion to alter the judgment (doc. # 335) are denied.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of July 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge